UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON
CASE NO. 1:22-cv-24098 SCOLA/GOODMAN

EDUARDO MENA,

        Plaintiff,

v.

KILOLO KIJAKAZI
ACTING COMM'R OF SOC. SEC.,
        Defendant.
_____/

OMNIBUS REPORT AND RECOMMENDATIONS
ON SUMMARY JUDGMENT MOTIONS

This case challenges a denial of social security benefits. Plaintiff Eduardo Mena ("Plaintiff") and Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), filed cross-motions for summary judgment. [ECF Nos. 12; 14]. The Commissioner's summary judgment motion also served as her opposition response [ECF No. 15] to Plaintiff's motion. Plaintiff filed a reply. [ECF No. 16].

According to the Clerk's directive in these types of administrative appeals, all dispositive matters have been referred to the Undersigned for a Report and Recommendations. [ECF No. 2].

As explained below, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's summary judgment motion [ECF No. 12] and **deny** the Commissioner's summary judgment motion, **with a remand**. [ECF No. 14].

## I.      Procedural Background

On January 15, 2020, Plaintiff applied for Disability Insurance Benefits, alleging an onset date of August 10, 2018. (R. 15, 218).[1] He alleged disability due to a bulging disk in his neck, pain in both shoulders, and sciatica in his right leg. (R. 258). The Commissioner denied Plaintiff's applications initially and on reconsideration. (R. 103-13, 115-27). Plaintiff then appealed the Commissioner's decision. The Appeals Council denied his appeal.

On January 14, 2022, Administrative Law Judge Lornette Reynolds ("the ALJ") held a telephonic hearing where she heard testimony from Plaintiff and from a Vocational Expert ("VE"). (R. 29-49). On March 16, 2022, the ALJ issued her decision, concluding that Plaintiff was not disabled. (R. 15-22). Plaintiff appealed the ALJ's decision, and on October 19, 2022 the Appeals Council affirmed the ALJ's decision. (R. 1-5).

---

[1]      Citations to ("R. \_\_") refer to pages of the administrative record transcript. [ECF No. 8].

## II. Factual Background

Plaintiff was 55 years old when he applied for Disability Insurance Benefits. (R. 221). He completed two years of college, and had jobs as a honey processor, office clerk, and mail carrier for the United States Postal Service. (R. 44-45, 259).

He has a "history of degenerative disc disease of the cervical and lumbar spine and right shoulder impingement, status post repair." (R. 18).

Plaintiff filed his motion for summary judgment. [ECF No. 12]. In it, he argues that the ALJ failed to properly evaluate the medical opinion evidence pursuant to 20 C.F.R. § 404.1520c. [ECF No. 12, p. 4]. Defendant's motion argues that the ALJ's decision should be affirmed because it is supported by substantial evidence, the ALJ used the correct legal standards, and that the issues Plaintiff isolates are harmless. [ECF No. 15].

## III. Applicable Legal Standards

In evaluating a claim for disability benefits, an ALJ must follow the five steps outlined in 20 C.F.R. §§ 416.920(a) and 404.1520, which the Undersigned summarizes as follows:

1. **Step one**. Is the claimant performing substantial gainful activity? If not, then an ALJ next determines:

2. **Step two**. Does the claimant have one or more severe impairments? If the claimant does, then an ALJ next considers:

3. **Step three**. Does the claimant have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled; if not, then an ALJ must determine claimant's residual functional capacity ("RFC"); and then

3

determine:

4. **Step four**. Based on the RFC, can claimant perform his or her past relevant work? If so, then the claimant is not disabled. If the claimant cannot perform his or her past relevant work, then an ALJ must finally determine:

5. **Step five**. Based on the claimant's age, education, and work experience, and the RFC, can he or she perform other work? If so, then the claimant is not disabled. If not, then the claimant is disabled and entitled to benefits.

*See, e.g.*, *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

The claimant bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). In reviewing the decision, the Court must consider the record as a whole and determine whether the ALJ applied the correct legal standard and whether substantial evidence in the record supports his findings of fact. *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Phillips*, 357 F.3d at 1240 n.8 (internal citation omitted).

The Court is authorized to enter a judgment affirming, modifying, or reversing the decision of an ALJ, with or without remand. 42 U.S.C. § 405(g); *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1302 n.13 (11th Cir. 2000).

IV. <u>**The ALJ's Findings**</u>

In denying Plaintiff's claim for benefits, the ALJ followed the sequential five-step evaluation process for social security claims. (R. 15-22). At step one, the ALJ concluded

4

that Plaintiff had not engaged in substantial gainful activity since August 10, 2018, the alleged disability onset date through September 30, 2021, the date he was last insured. (R. 17).

At step two, the ALJ concluded that Plaintiff's "degenerative disc disease of the cervical and lumbar spine and right shoulder impingement status post repair" qualify as severe impairments. *Id*. The ALJ stated that those impairments "significantly limit the ability to perform basic work activities." *Id*.

At step three, the ALJ concluded that Plaintiff did not have an "impairment or combination of impairments that met or medically equaled the severity" of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526*).* (R. 17).

At step four, after a review of the entire record, the ALJ concluded that Plaintiff had the RFC to perform a light range of work with some limitations. (R. 18). "The claimant is able to frequently climb ramps and stairs, balance, kneel, crouch, and crawl. He could never climb ladders, ropes, or scaffolds." *Id*. The ALJ stated that Plaintiff has no limitations with his left upper extremity; and with regards to his right upper extremity, the ALJ limited Plaintiff to frequently engaging in reaching. *Id*. In making this finding, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of his impairments" are not entirely consistent with the medical evidence and other evidence in the record. (R. 20).

Finally, at step five, the ALJ found that Plaintiff could perform past relevant work under 20 C.F.R. § 404.1565 as a service writer, honey processor, and office clerk. (R. 21). The ALJ explicitly stated that the work involved in those professions "did not require the performance of work-related activities precluded" by Plaintiff's RFC. *Id*.

Accordingly, the ALJ held that Plaintiff had not been under a disability from August 10, 2018 through the date when Plaintiff was last insured, September 30, 2021. (R. 22).

## V. Analysis

Plaintiff's Motion argues that Defendant's decision should be reversed and remanded because the ALJ failed to properly evaluate the opinion evidence of record pursuant to 20 C.F.R. § 404.1520(c). [ECF No. 12, p. 4]. Defendant's Motion argues that her decision should be affirmed because the ALJ applied the correct legal standard and because substantial evidence supports her decision. [ECF No. 14, p. 1].

20 C.F.R. § 404.1520(c) dictates how medical opinions and findings should be considered, based on when the claim was filed. The statute splits claims into those filed before and after March 27, 2017. Here, Plaintiff filed his claim on January 15, 2020. (R. 15, 218-227). Because Plaintiff's claim was filed after March 27, 2017, 20 C.F.R. § 404.1520(c) controls its analysis. If Plaintiff's claim was filed *before* March 27, 2017 then § 404.1527 would apply.

Plaintiff argues that the ALJ failed "to properly assess the 'supportability' and

6

'consistency' of the medical opinions in the case" and that her rationale for "finding the State agency reviewing physicians' opinions 'persuasive' is insufficient" under §404.1520(c) and "entirely unsupported by the record." [ECF No. 12, p. 4].

§ 404.1520(c)(a) mandates how medical opinions and medical findings are considered,

> How we consider medical opinions and prior administrative medical findings. We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources. When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. **The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section)**.

20 C.F.R. § 404.1520(c)(a) (emphasis added). The regulation lists the five factors as:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.
>
> (3) Relationship with the claimant. This factor combines consideration of the issues in paragraphs (c)(3)(i) through (v) of this section.
>
>> (i) Length of the treatment relationship. The length of time a medical

7

> source has treated you may help demonstrate whether the medical source has a longitudinal understanding of your impairment(s).
>
> (ii) Frequency of examinations. The frequency of your visits with the medical source may help demonstrate whether the medical source has a longitudinal understanding of your impairment(s).
>
> (iii) Purpose of the treatment relationship. The purpose for treatment you received from the medical source may help demonstrate the level of knowledge the medical source has of your impairment(s).
>
> (iv) Extent of the treatment relationship. The kinds and extent of examinations and testing the medical source has performed or ordered from specialists or independent laboratories may help demonstrate the level of knowledge the medical source has of your impairment(s).
>
> (v) Examining relationship. A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder.
>
> (4) Specialization. The medical opinion or prior administrative medical finding of a medical source who has received advanced education and training to become a specialist may be more persuasive about medical issues related to his or her area of specialty than the medical opinion or prior administrative medical finding of a medical source who is not a specialist in the relevant area of specialty.
>
> (5) Other factors. We will consider other factors that tend to support or contradict a medical opinion or prior administrative medical finding. This includes, but is not limited to, evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements. When we consider a medical source's familiarity with the other evidence in a claim, we will also consider whether new evidence we receive after the medical source made his or her medical opinion or prior administrative medical finding makes the medical opinion or prior administrative medical finding more or less persuasive.

20 C.F.R. § 404.1520c(c).

The ALJ evaluated the persuasiveness and consistency of the medical opinions of two State Agency reviewing physicians (Drs. Dai Nguyen and Bradley Stephan). (R. 20-21). Plaintiff first argues that the ALJ's statements as to Dr. Nguyen's opinion are inconsistent with her RFC findings. In describing Dr. Nguyen's opinion, the ALJ stated,

> On July 13, 2020, State Agency review physician at the initial level, Dai Nguyen, M.D., opined the claimant could perform a range of light level work, including **frequently** climbing ramps and stairs; **occasionally** climbing ladders, ropes, and scaffolds; **occasionally** kneeling, crouching, and crawling; frequently balancing; and **occasionally** reaching with the right upper extremity (Ex. 1A). The undersigned finds the foregoing opinion persuasive, as it is generally consistent with the overall medical evidence of record available at the time of review. However, the review physician did not have the benefit of evidence submitted at hearing level, including the records from Deerfield Beach Outpatient Surgical Center, which showed the claimant underwent right shoulder impingement repair (Ex. B23F, page 12).

*Id*. (emphasis added). The ALJ's RFC finding found that the Plaintiff could

> **frequently** climb ramps and stairs, balance, kneel, crouch, and crawl. He could never climb ladders, ropes, or scaffolds. The claimant is right hand dominant and could **frequently** engage in reaching with the right upper extremity. He has no limitations with the left upper extremity. He should avoid hazards such as unprotected heights and dangerous machinery.

(R. 18 (emphasis added)). Plaintiff argues that "[i]f, in fact, Dr. Nguyen's opinion is 'persuasive' and 'generally consistent with the overall medical evidence,'" then the ALJ's RFC finding that Plaintiff could "**frequently** engage in reaching with the right upper extremity 'well exceeds his RFC according to Dr. Nguyen and is, at best, inconsistent with an opinion the ALJ readily deemed 'persuasive.'" (emphasis added) [ECF No. 12, p. 7]. Defendant contends that the ALJ is not obligated to adopt Dr. Nguyen's limitations, even

9

if deemed persuasive, into her RFC. [ECF No. 15, p. 8].

In *Matos v. Comm'r of Soc. Sec.*, the plaintiff argued that the ALJ's RFC finding was problematic because it did not "contain all of the limitations discussed by the state agency's psychologists, nor [did] it explain the reason for such omissions." No. 21-11764, 2022 WL 97144, at *6 (11th Cir. Jan. 10, 2022). The state agency psychologists found that the plaintiff "may need support with planning and goal setting" and that she could only have "limited and superficial social interaction[;]" but, the ALJ found that she had the capacity to "occasionally interact" with others. *Id*.

The plaintiff also took issue with the ALJ omitting discussion of her bipolar diagnosis in the findings. *Id*. The Eleventh Circuit held,

> A review of the medical evidence, however, shows that the ALJ's RFC determination was supported by substantial evidence. The ALJ found that Matos had the RFC to perform a full range of work at all exertional levels; she had nonexertional limitations to "simple, routine, repetitive tasks, but not at a production rate pace such as piece work or assembly line work" and to "occasionally interact with supervisors, coworkers, and the public." In reaching this determination, the ALJ stated that she had carefully considered the entire record including the medical opinions and prior administrative medical findings.
>
> Notwithstanding Matos's symptoms, the state psychologists opined that she was no more than moderately limited as to her concentration, persistence, ability to interact socially, and ability to adapt. And the ALJ's decision incorporated limitations to Matos's social interaction, limiting her to "occasional" interaction with others. Although the ALJ did not specifically discuss Matos's bipolar diagnosis, **the ALJ was not required to discuss every piece of evidence in evaluating Matos's claim**. In any event, the ALJ's decision noted that the ALJ carefully considered all of the impairments, including those listed in medical listing 12.04, which includes depressive, bipolar, and related disorders.

*Id*. (emphasis added). *See Watson v. Kijakazi*, No. 21-CV-60516, 2022 WL 1693388, at *6 (S.D. Fla. May 3, 2022), *report and recommendation adopted*, No. 21-CV-60516, 2022 WL 1686526 (S.D. Fla. May 26, 2022) (The ALJ is not required to adopt the doctor's medical findings **verbatim** even though she found them persuasive. (emphasis added)).

Plaintiff clarified that his issue is not whether the ALJ was required to adopt Dr. Nguyen's opinion but that her rationale for finding it "'persuasive' contains no reasons at all for why a very specific portion of Dr. Nguyen's opinion -- the part related to reaching -- should be rejected." [ECF No. 16, p. 3]. Plaintiff alternatively argues that "if the ALJ meant to discount Dr. Nguyen's opinion, her rationale fails to satisfy her burden to evaluate the 'supportability' and 'consistency' of the opinion pursuant to 20 C.F.R. § 404.1520(c)." [ECF No. 12, p. 7].

Plaintiff's arguments imply that if an ALJ finds a medical opinion to be persuasive but rejects or disagrees with certain parts of that opinion, then the ALJ is ***required*** to discuss it in her rationale -- especially if the rejection "is likely to alter the entire outcome of the case". [ECF No. 16, p. 3]. Plaintiff's position is void of any supporting caselaw and is seemingly based on attorney rhetoric.[2] Therefore, following the *Matos* and *Watson* rationale above, Plaintiff is imposing a duty that does not exist.

---

[2] If a party makes a claim but does not elaborate or provide citation to authority about that claim, then the Eleventh Circuit deems that claim to be waived. *Outlaw v. Barnhart*, 197 F. App'x 825, 828 (11th Cir. 2006).

**However**, Plaintiff's argument that the ALJ's rationale articulation "fails to satisfy her burden to evaluate the 'supportability' and 'consistency' of the opinion pursuant to 20 C.F.R. § 404.1520(c)" holds merit according to recent caselaw from this district. [ECF No. 12, p. 7].

20 C.F.R. § 404.1520(c) obligates the ALJ to "**articulate** in [her] determination or decision how persuasive [she] find[s] all of the medical opinions" and "*explain* how [she] considered the supportability and consistency factors for a medical source's medical opinions. . . ." (emphasis added). Here, with regards to Dr. Nguyen, the ALJ stated what Dr. Nguyen opined, that she had not reviewed the evidence from the hearing and that her medical opinion was "persuasive, as it is generally consistent with the overall medical evidence of record available at the time of review." (R. 21).

Defendant did not address whether the ALJ properly articulated her explanation, therefore resulting in a waiver of any argument as to that point. "Failure to respond to an argument may result in waiver." *West 32nd/33rd Place Warehouse Condo. Ass'n, Inc. v. Western World Ins. Co.*, No. 22-CV-21408, 2023 WL 6317993, at *4 (S.D. Fla. Aug. 21, 2023) (*citing Five for Ent. S.A. v. Rodriguez*, No. 11-24142-CIV, 2013 WL 4433420, at *14 (S.D. Fla. Aug. 15, 2013) ("A failure to address issues in response to a motion is grounds for finding that the claims have been abandoned."); *Altare v. Vertical Reality MFG, Inc.*, No. 19-CV-21496, 2020 WL 209272, at *2 (S.D. Fla. Jan. 14, 2020) ("Plaintiff did not respond to this argument and, consequently, the Court deems any response waived.")).

The Undersigned finds that the ALJ failed to sufficiently articulate or explain how she considered the supportability and consistency factors related to Dr. Nguyen's opinion. The ALJ merely provided a *summary* of Dr. Nguyen's findings, what information she was not able to review, and a blanket statement saying that it was persuasive and "generally consistent." *Id*. It lacks any meaningful analysis or discussion. *Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-01515-RBD-DCI, 2020 WL 1957597, at *6 (M.D. Fla. Apr. 8, 2020) ("As an initial matter, the new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous."); *see also Vicente v. Comm'r of Soc. Sec.*, No. 6:22-cv-01057, 2023 WL 2864407 at *6 (M.D. Fla. April 10, 2023) ("[E]ven if the ALJ adequately summarized the evidence in the record, the revised regulations required her to specifically address and 'explain' both the supportability and consistency of [the] opinion in light of the evidence.").

Consequently, the ALJ's error merits remand. Therefore, because the case should be remanded, the Undersigned will not address the remaining errors included in the ALJ's decision. *Brown v. Comm'r of Soc. Sec.*, No. 6:20-CV-840-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021). "The ALJ will have to reweigh the evidence upon remand and may reconsider the issues raised by Claimant." *Id.* (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## VI. Conclusion

Because the ALJ failed to adequately address the supportability or consistency factors in evaluating Dr. Nguyen's opinion, the Undersigned finds that the ALJ's decision is not supported by substantial evidence and should be remanded to the Commissioner for further proceedings. The Undersigned concludes that remand is necessary so that the ALJ may properly consider and articulate the persuasiveness of the opinion evidence, including each of the medical opinions, based upon the supportability and consistency factors, in accordance with 20 C.F.R. § 404.1520(c). *See Vicente*, 2023 WL 2864407, at *7; *Brown*, 2021 WL 2917562 at *4; *Pierson*, 2020 WL 1957597, at *6-7; *Brioso v. Kijakazi*, No. 22-CV-21991-JEM, 2023 WL 5595912, at *10 (S.D. Fla. Aug. 11, 2023*), report and recommendation adopted*, No. 22-21991-CIV, 2023 WL 5563394 (S.D. Fla. Aug. 29, 2023). Upon remand, the ALJ will be able to assess the other arguments, as well.

Therefore, the Undersigned **respectfully recommends** that the Court **grant** Plaintiff's Motion [ECF No. 12], **deny** Defendant's Motion [ECF No. 14] and **remand** the case.

## VII. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with Senior United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection.

Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on November 17, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record